UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW DENNIS,

       Plaintiff,

    v.

SCOTT KERMAN, et al.,

       Defendants.

No.  2:16-cv-0542 JAM AC P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and appointment of counsel.  He also seeks leave to file an amended complaint.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3  1915(b)(2).

4      II.      Motion for Appointment of Counsel

5          Plaintiff has filed two requests for appointment of counsel.  ECF Nos. 3, 11.  The United

6  States Supreme Court has ruled that district courts lack authority to require counsel to represent

7  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

8  (1989).  In certain exceptional circumstances, the district court may request the voluntary

9  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

10  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

11          "When determining whether 'exceptional circumstances' exist, a court must consider 'the

12  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

13  pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

14  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

15  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

16  most prisoners, such as lack of legal education and limited law library access, do not establish

17  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

18          Plaintiff cites his lack of legal education, limited law library access, the complexity of the

19  issues, and need for expert witnesses as cause for appointing counsel in this case.  ECF Nos. 3,

20  11.  Plaintiff's lack of legal education and limited law library access are common to most

21  prisoners and do not constitute exceptional circumstances.  With respect to the complexity of the

22  issues and the need for expert witnesses, the complaint has yet to be screened and the court is

23  unable to evaluate the complexity of the claims or need for experts at this stage.  The court is also

24  currently unable to evaluate plaintiff's likelihood of success.  For these reasons, the court does not

25  find the required exceptional circumstances at this time and the request will be denied without

26  prejudice to renewal at a later stage of the proceedings.

27      III.      Motion to Amend

28          Plaintiff seeks leave to file an amended complaint and has filed a proposed first amended

2

complaint.  ECF Nos. 9, 10.  The original complaint has yet to be screened or served on

defendants, and plaintiff states that the purpose of the amended complaint is to dismiss two

defendants and make corrections and clarifications to the original complaint.  The motion to

amend will be granted and the case will proceed on the first amended complaint, which will be

screened in due time.

      Accordingly, IT IS HEREBY ORDERED that:

      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

      3.  Plaintiff's motions for the appointment of counsel (ECF Nos. 3, 11) are denied without

prejudice.

      4.  Plaintiff's motion to amend (ECF No. 9) is granted and the case will proceed on the

first amended complaint (ECF No. 10).

DATED: March 31, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE