UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:16-cv-0542 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending are the following matters: (1) plaintiff's motion for leave to proceed on his proposed Second Amended Complaint, ECF No. 20; (2) plaintiff's motion for preliminary injunctive relief, ECF No. 25; and (3) plaintiff's third request for appointment of counsel, ECF No. 19. For the reasons that follow, the court grants plaintiff's request to proceed on his Second Amended Complaint (SAC); denies without prejudice plaintiff's request for appointment of counsel; and defers ruling on plaintiff's motion for preliminary injunctive relief. Plaintiff is directed to submit to the court all exhibits referenced in his SAC, so the court can properly screen the SAC pursuant to 28 U.S.C. § 1915A, and assess the merits of plaintiff's motion for preliminary injunctive relief.

The SAC names twenty-one defendants and challenges plaintiff's health care both at High Desert State Prison (HDSP) and California State Prison Corcoran (CSP-COR). The SAC

references numerous events and recounts plaintiff's repeated efforts to obtain adequate care through the administrative appeals process. The SAC identifies both federal and state law claims, and references multiple exhibits. Plaintiff states that he will provide these exhibits upon the court's request. The undersigned finds it necessary to review plaintiff's exhibits in order to screen his complaint pursuant to 28 U.S.C. § 1915A, and therefore orders their submission.

The undersigned again finds that plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits of his claims and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff's SAC and pending motion demonstrate that plaintiff, proceeding pro se, is articulate and thorough in the presentation of his factual allegations and legal claims. Whether there is a reasonable likelihood that plaintiff can succeed on the merits of his claims will be more apparent after screening the SAC. Therefore, plaintiff's request for appointment of counsel will be denied without prejudice at this time.

Finally, plaintiff's motion for preliminary injunctive relief appears to be premised on the same ongoing medical conditions at issue on the SAC's claims for relief. In evaluating the merits of this motion, this court must consider whether plaintiff has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The granting of injunctive relief requires demonstration of a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Because the SAC

has not yet been screened, the court is unable to determine the likelihood of plaintiff's success on the merits of his claims, or whether the injuries he alleges are imminent, and is therefore unable to assess the merits of plaintiff's motion for preliminary injunctive relief. For this reason, petitioner's motion for preliminary injunctive relief will not be addressed at this time, but upon screening plaintiff's SAC.

For these several reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed on his Second Amended Complaint, ECF No. 20, is GRANTED.

2. This action shall now proceed on plaintiff's Second Amended Complaint, ECF No. 21.

3. Plaintiff's request for appointment of counsel, ECF No. 19, is DENIED without prejudice.

4. A decision on plaintiff's motion for preliminary injunctive relief, ECF No. 25, is deferred until the screening of plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A.

5. Plaintiff shall, within thirty (30) days after the filing date of this order, submit to the court all exhibits referenced in his Second Amended Complaint; the court will direct the Clerk of Court to attach these exhibits to the Second Amended Complaint.

IT IS SO ORDERED.

DATED: July 11, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE