UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS, | No. 2:16-cv-0542 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with this civil rights action, requests appointment of counsel on the ground that it should lead to a speedier resolution of this case and success on plaintiff's requests to obtain effective treatment for his Hepatitis C. ECF No. 48. Attached to plaintiff's request are several exhibits demonstrating his unsuccessful efforts to obtain legal representation on his own. This is plaintiff's fourth request for appointment of counsel, see ECF Nos. 3, 11, 19; his prior requests were denied pending the court's screening of plaintiff's successive complaints, see ECF Nos. 14, 26.

This case now proceeds on plaintiff's Third Amended Complaint as screened by the court on April 9, 2020. ECF No. 51. The undersigned's recommended dismissal of numerous defendants is currently pending with the district judge. Id. Service of process on the remaining defendants is not yet complete. ECF No. 61. Plaintiff's request for appointment of counsel was filed prior to the court's decisions on these matters.

1

Under 28 U.S.C. § 1915(e)(1), the district court may *request* the voluntary assistance of an available attorney to represent an indigent prisoner in a civil rights case only in certain "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989) (district courts do not have authority to *require* attorneys to represent indigent prisoners in Section 1983 cases). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. Id.

In the present case, plaintiff has demonstrated that he is a capable writer, prolific filer, and strong advocate for himself. Although the court is unable at this time to assess plaintiff's likelihood of success on the merits of his claims, it is clear that plaintiff is capable of pursuing his allegations and claims pro se. For these reasons, the court finds that plaintiff does not meet the exceptional circumstances standard.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 48, is denied without prejudice.

DATED: May 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE