1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW DENNIS,                           No.  2:16-cv-0542 JAM AC P

12              Plaintiff,

13        v.                                   ORDER

14   SCOTT KERNAN, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his Third Amended

18   Complaint in this civil rights action.  Pending is plaintiff's fifth request for appointment of

19   counsel.  ECF No. 66.  Plaintiff seeks appointment due to his medical challenges and the

20   complexity of this case, for the purpose of preparing additional objections to the undersigned's

21   April 9, 2020 findings and recommendations, and to prepare a further amended complaint or

22   supplemental pleading.  Id.

23        Plaintiff is familiar with the legal standards supporting appointment of volunteer counsel.

24   As the court has previously informed plaintiff, the Supreme Court has ruled that district courts

25   lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v.

26   United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the

27   district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).

28   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

1

1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The instant request was filed after plaintiff submitted his own 47-page objections to the court's findings and recommendations.  ECF No. 62.  Those objections were considered by the district judge before he adopted the findings and recommendations.  ECF No. 67 at 1.  There is no authority for a party to submit more than one set of objections.  See Local Rule 304(b).

Plaintiff also seeks appointment to assist in the preparation of a further amended complaint or supplemental pleading.  However, the district judge denied that request.  ECF No. 67 at 2.

As the court found only last month in denying plaintiff's fourth request for appointment of counsel, ECF No. 64 at 2:

> [P]laintiff has demonstrated that he is a capable writer, prolific filer, and strong advocate for himself.  Although the court is unable at this time to assess plaintiff's likelihood of success on the merits of his claims, it is clear that plaintiff is capable of pursuing his allegations and claims pro se.

This assessment continues to be accurate.

Moreover, the district judge's order significantly narrowed the scope and complexity of this case by dismissing twenty defendants; only three defendants remain, and all are sued only on plaintiff's medical deliberate indifference claims.  ECF No. 67 at 2.

These several factors demonstrate that there are no exceptional circumstances warranting the appointment of counsel at this time.

////

////

////

2

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of

2    counsel, ECF No. 66, is denied without prejudice.

3    DATED: June 24, 2020

4    _____

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28