UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:16-cv-0542 JAM AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights case filed pursuant to 42 U.S.C. § 1983. This action proceeds on the Third Amended Complaint (TAC), ECF No. 45, as screened by the court pursuant to 28 U.S.C. § 1915A, ECF Nos. 51, 67. After all three defendants appeared, the undersigned referred this action to the court's Alternative Dispute Resolution (ADR) project for a settlement conference before the commencement of discovery. ECF No. 78. Shortly thereafter, plaintiff filed an interlocutory appeal of an earlier denial of preliminary injunctive relief; the appeal remains pending. ECF No. 80 (USCA Case No. 20-16392). This court issued a stay of all matters pending resolution of the appeal. ECF No. 87. No ADR settlement conference has taken place. Since then, the parties have filed several matters.

In response to plaintiff's request for clarification, ECF No. 90, plaintiff is informed that after the stay is lifted in this action, all motions should be directed to the undersigned magistrate judge in the first instance.

1    Plaintiff has submitted a declaration that is directed to the court's ADR judge.  ECF No.
2 92.  Because no settlement conference has been scheduled and defendants have requested to opt
3 out of the ADR program, ECF No. 88, Magistrate Judge Newman is not currently involved in this
4 case.  Moreover, the submission of facts related to settlement is not appropriate at this time.
5 Should a settlement conference be scheduled in the future, plaintiff may include any pertinent
6 information in his settlement conference statement.  If the facts plaintiff presents in this
7 declaration are intended to indicate potential new claims, plaintiff must administratively exhaust
8 those matters before requesting leave of court to include them in this case after the stay is lifted.[1]
9    The court acknowledges plaintiff's interest in commencing discovery in this case, ECF
10 No. 93, coupled with the fact that in June 2020 he authorized release of his medical records to
11 defendants, ECF No. 88 at 2.  The court also acknowledges the current disinclination of
12 defendants to pursue ADR.  ECF No. 88.  The undersigned will revisit the issues of ADR and
13 discovery after the Court of Appeals resolves the pending interlocutory appeal.
14    Finally, for good cause shown, the court will grant plaintiff's request for a copy of his
15 objections filed in this court on May 13, 2020 (47 pages).  This is a one-time courtesy; any further
16 requests for copies of documents filed in this case shall be directed to the Clerk of Court which
17 will provide such copies at the regular cost of $0.50 per page.
18    Accordingly, IT IS HEREBY ORDERED that:
19    1. Plaintiff's request for a copy of his objections filed in this court on May 13, 2020, ECF
20 No. 94, is GRANTED; and
21 ////
22 ////
23 ////
24 ////

---

[1] As a general rule, "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).  Neveretheless, new claims based on actions that took place *after* the original complaint was properly filed are not barred under McKinney so long as plaintiff exhausted the new claims prior to filing the amended complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

2. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of his objections filed in this court on May 13, 2020 (ECF No. 62).

SO ORDERED.

DATED: December 21, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3