UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS, | No. 2:16-cv-0542 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

     Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for a Rule 16 pretrial conference in which he requests the appointment of counsel and alleges that he is being retaliated against by various correctional officers for pursuing this action. ECF No. 97.

     Shortly after this case was referred to the court's Post-Screening Alternative Dispute Resolution (ADR) Project for a settlement conference, plaintiff filed an interlocutory appeal of an earlier denial of preliminary injunctive relief. ECF No. 80. The court then stayed the proceedings pending resolution of the appeal. ECF No. 87. After the stay was issued, the parties filed several matters. Defendants requested to opt-out of the Post-Screening ADR Project, ECF No. 88, and filed an answer to the third amended complaint, ECF No. 89, while plaintiff submitted a declaration directed to the court's ADR judge, ECF No. 92, and another addressing his preparations for discovery, ECF No. 93. The undersigned acknowledged plaintiff's desire to

pursue discovery and defendants' disinclination to participate in ADR, and advised that those matters would be revisited upon resolution of the interlocutory appeal. ECF No. 95. Now that the appeal has been resolved, the court will address these outstanding matters.

In requesting to opt out of the Post-Screening ADR Project, defendants cited plaintiff's settlement expectations, but also relied on the pending interlocutory appeal, concerns regarding COVID-19, and the fact that they had not received all of plaintiff's medical records. ECF No. 88. Because the appeal has been resolved, COVID-19 concerns may have changed, and the passage of time may have allowed defendants to obtain plaintiff's medical records, defendants will be required to notify the court whether they still seek to opt out of ADR. If defendants are no longer seeking to opt out, formal discovery will remain stayed and the case will be scheduled for a settlement conference. If defendants are still seeking to opt out, the stay in this case will be lifted and a discovery and scheduling order will issue, at which time plaintiff may send out his discovery requests.

With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he requires help with a pretrial conference and discovery and that he is not being afforded sufficient law library access. ECF No. 97 at 2.

Plaintiff's claim of insufficient law library access is common to most inmates and does not warrant appointment of counsel. If plaintiff requires additional time to meet deadlines due to his limited access, he may file motions for extension of time that identify the deadline he needs extended, how much additional time he requires, and why he requires the additional time. Furthermore, because plaintiff is a prisoner proceeding pro se, this case will not be set for a Rule 16 pretrial conference. With respect to plaintiff's claim that he requires counsel to assist with discovery, plaintiff states that he has already prepared several discovery requests and discovery motions, and it has not been shown that his attempts at obtaining discovery will be unsuccessful. Additionally, plaintiff's chances of success on the merits are not yet clear, and plaintiff has shown himself capable of articulating his claims and arguments without assistance. For these reasons, the request for counsel will be denied.

Finally, with respect to plaintiff's claims of retaliation, it is unclear what relief he is seeking. However, there is no indication that defendants are involved in the retaliation, and absent evidence that the individuals allegedly retaliating against plaintiff are working in concert with defendants, this court has no jurisdiction over them. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Therefore, if plaintiff seeks any relief with respect to the alleged retaliation, he will need to file a separate complaint against the individuals he believes are retaliating against him.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the service of this order, defendants shall advise the court whether they are still seeking to opt out of the Post-Screening ADR Project.

2. Plaintiff's motion for a pretrial conference, ECF No. 97, is DENIED.

3. Plaintiff's request for appointment of counsel, ECF No. 97, is DENIED.

DATED: April 5, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE