UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:16-cv-0542 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion requesting leave to depose defendants by written question. ECF No. 104.

This case, including discovery, is currently stayed pending the resolution of plaintiff's interlocutory appeal, ECF No. 100, and the motion will therefore be denied. Plaintiff is advised that once the stay is lifted and discovery has opened, he does not require leave of this court to conduct a deposition by written question unless the parties have not stipulated to the deposition and "the deposition would result in more than 10 depositions being taken [by plaintiff] under this rule or Rule 30" or "the deponent has already been deposed in the case." Fed. R. Civ. P. 31(a).

A deposition by written questions pursuant to Rule 31 proceeds like any other deposition, but with the deposition officer (usually the court reporter) asking the questions of the witness as submitted in writing by the deposing party. If plaintiff wants to depose either defendant, he will

1

be responsible for setting up the deposition, including setting the date, time, and location of the deposition, arranging for a court reporter, and paying any fees for the court reporter's services and for the transcription of the deposition. See Matthews v. Puckett, 670 F. App'x 964, 965 (9th Cir. 2016) (upholding denial of request for additional copy of deposition transcript because indigent plaintiff "must bear his own discovery costs" (citing Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (per curiam))). As one court has noted, "[t]he deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not." Lopez v. Horel, No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 n.2, 2007 U.S. Dist. LEXIS 56903, at *7 (N.D. Cal. July 27, 2007).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to depose defendants by written question, ECF No. 104, is DENIED.

DATED: May 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE