1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW DENNIS,                          No.  2:16-cv-0542 JAM AC P

12                 Plaintiff,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   SCOTT KERNAN, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court are plaintiff's motion for a restraining order, ECF No.

19   117; various discovery motions, ECF Nos. 118, 128, 130; motion for appointment of counsel,

20   ECF No. 120; motion to be interviewed, ECF No. 123; motion for summary judgment, ECF No.

21   126; and motion to amend, ECF No. 127.  Also before the court is defendants' motion for an

22   extension of time to respond to plaintiff's motion for summary judgment.  ECF No. 131.

23         I.       Plaintiff's Allegations

24         This case proceeds on plaintiff's third amended complaint.  Upon screening, the

25   undersigned found that plaintiff had stated claims for deliberate indifference against defendants

26   Mays and Phui, and that defendant Diaz, in his official capacity, was an appropriate defendant to

27   provide the requested injunctive relief.  ECF No. 51.  Plaintiff's claims against Mays are based

28   upon her alleged deliberate indifference to his serious medical needs related to plaintiff's hernias

                                                  1

and wrist during an approximately one-year period beginning in March 2015.  See id. at 9-10.

Plaintiff's claims against Phui are based upon an alleged lack of treatment for severe pain and

Hepatitis C that began when Phui took over as plaintiff's health care provider in November 2018.

Id. at 17-19.

II.     Motion for a Restraining Order

A temporary restraining order is an extraordinary measure of relief that a federal court

may impose without notice to the adverse party if, in an affidavit or verified complaint, the

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The

standard for issuing a temporary restraining order is essentially the same as that for issuing a

preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7

(9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary

injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request

for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.

Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted).

"Speculative injury does not constitute irreparable injury sufficient to warrant granting a

preliminary injunction."  Id. (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472

(9th Cir. 1984)).

Plaintiff alleges that since his retaliatory transfer to Kern Valley State Prison (KVSP), he

has been denied access to the law library and has been unable to obtain legal supplies or copies.

ECF No. 117.  He seeks an order from this court directing that he be sent back to the E-Yard at

Substance Abuse and Treatment Facility (SATF) where he will have access to the law library or,

alternatively, that the warden at KVSP be ordered to provide him at least four hours of law library

access per week for ninety days.  Id. at 5.

Although plaintiff alleges that his transfer and lack of library access are in retaliation for pursuing this lawsuit, he provides no evidence to support this allegation.  Furthermore, plaintiff has since filed a notice of change of address that indicates that he has been transferred from KVSP to California State Prison, Lancaster.  ECF No. 124.  His numerous and often lengthy filings since that time indicate that he is currently receiving access to the law library and adequate copy service and supplies.  See ECF Nos. 126-130, 137, 138, 140.  Because plaintiff has not demonstrated that he will be subject to irreparable harm absent the issuance of a temporary restraining order or preliminary injunction, and because he is no longer housed at KVSP and has not demonstrated a reasonable expectation of being returned to that facility, the motion should be denied.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

III.   Discovery Motions

Plaintiff currently has three discovery motions pending before the court.  ECF Nos. 118, 128, 130.  Defendants oppose the motions to compel.  ECF Nos. 132, 139.

A.   Motion for Producing Documents

Plaintiff's first motion, styled as a motion for producing documents under Federal Rule of Civil Procedure 34, is comprised of declarations and an index of various exhibits that plaintiff seeks to have "stored in the CM/ECF for trial," discovery requests for defendants Mays and Phui, a request for expert testimony under Federal Rule of Civil Procedure 35, and a subpoena for plaintiff's appearance at trial.  ECF No. 118.

Plaintiff has been previously advised that he should not file exhibits with the court unless they are attached to and being used in support of or in opposition to a pending motion, ECF No. 103 at 1 n.1, and his request to be permitted to file the exhibits in order to store them for trial will

3

1   be denied.  In the event this case proceeds to trial, plaintiff will have an opportunity to submit

2   exhibits.  With respect to the attached discovery requests to defendants, the motion indicates that

3   at the time of filing they had not yet been served on defendants,[1] ECF No. 118 at 30, and plaintiff

4   is advised that requests for discovery are not to be filed with the court unless they are being used

5   in the proceedings or the court orders them filed, Fed. R. Civ. P. 5(d)(1)(A).

6          Plaintiff's motion also includes a request for an independent medical examination under

7   Federal Rule of Civil Procedure 35.  ECF No. 118 at 101-02.  Federal Rule of Civil Procedure

8   35(a) provides that

9              [t]he court where the action is pending may order a party whose
               mental or physical condition . . . is in controversy to submit to a
10             physical or mental examination by a suitably licensed or certified
               examiner.  The court has the same authority to order a party to
11             produce for examination a person who is in its custody or under its
               legal control.
12

13   However, "Rule 35 does not allow for a physical examination of oneself."  Berg v. Prison Health

14   Servs., 376 F. App'x 723, 724 (9th Cir. 2010) (citing Fed. R. Civ. P. 35; Schlagenhauf v. Holder,

15   379 U.S. 104, 118-19 (1964)); see also Hanna v. Chudy, 2011 WL 2039421, at *1, 2011 U.S.

16   Dist. LEXIS 55972, at *3 (N.D. Cal. May 25, 2011) (collecting district court cases holding same).

17   Furthermore, even if the court were to grant plaintiff's request for an examination, he would be

18   responsible for the costs associated with the examination because the statute authorizing

19   plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert

20   witnesses.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per

21   curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized

22   by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees

23   for expert witnesses).  The motion will therefore be denied.

24          Finally, plaintiff requests a subpoena to secure his presence at trial.  ECF No. 118 at 30,

25   _____

26   [1]  The motion requests that plaintiff be provided with two copies of the motion so that he can send
     the requests to defendants.  ECF No. 118 at 30.  However, his later filed reply in support of his
27   first motion to compel indicates that they have since been served.  ECF No. 137 at 6.  Plaintiff is
     advised that the court does not provide free copy services.  The Clerk's Office provides copies of
28   documents at $0.50 per page, and any requests for copies must be accompanied by the appropriate
     fees.

1   103.  It has not yet been determined that this action will proceed to trial.  Furthermore, should this

2   case proceed to trial, a subpoena for plaintiff's presence is not necessary and the court will issue

3   any writs necessary to secure plaintiff's appearance at the appropriate time.  The request for a

4   subpoena will therefore be denied.

5        B.  Motions to Compel

6        Plaintiff has filed two motions to compel.  ECF Nos. 128, 130.  In the first motion,

7   plaintiff alleges that defendants have completely failed to respond to his requests for production

8   and admissions.  ECF No. 128.  The second motion seeks to compel responses to interrogatories

9   and requests for admission on the ground that defendants' objections were improper.  ECF No.

10  130.  Defendants oppose the first motion on the ground that they timely responded to the

11  discovery requests and the second motion on the ground that plaintiff has failed to specifically

12  identify the responses he believes are deficient.  ECF Nos. 132, 139.  They further oppose both

13  motions on the ground that plaintiff did not comply with Local Rule 251.  Id.

14       As an initial matter, the discovery and scheduling order specifically exempts this case

15  from the requirements of Local Rule 251.  ECF No. 111 at 5, ¶ 6.  Furthermore, while Federal

16  Rule of Civil Procedure 37(a)'s requirement that the movant attempt to confer with the other

17  party prior to bringing a motion to compel has not been explicitly excused and the court

18  encourages parties to attempt to resolve disputes prior to seeking court intervention, because of

19  plaintiff's status as a pro se prisoner, it will not be enforced here and will not provide grounds for

20  denying the motion.

21       Plaintiff's first motion to compel alleges that he served defendants with requests for

22  admission and the production of documents during the last week of June 2021, and that he had

23  not received any response as of September 3, 2021.  ECF No. 128 at 1.  Defendants oppose the

24  motion and assert that they did not receive the requests until July 26, 2021, that they were

25  accompanied by a certificate of service that indicated they were mailed on July 11, 2021, and that

26  they served timely responses on August 25, 2021.  ECF No. 132 at 2-3.  In reply, plaintiff

27  clarifies that on June 23, 2021, he mailed interrogatories and a letter directing defendants' counsel

28  to the requests for admission and production that he had filed with the court because he was

1    unable to obtain copies.  ECF No. 137 at 5.  Then on July 6, 2021, he mailed copies of the

2    requests for admissions and production to counsel, but believes that he must have mistakenly

3    written July 11, 2021, on the certificate of service.  Id. at 6.

4         Plaintiff's referral of counsel to the discovery requests he filed with the court did not

5    constitute proper service of the discovery requests, and did not obligate defendants to respond to

6    the requests at that time.  Furthermore, it appears that defendants timely responded to plaintiff's

7    requests based upon the information available to them.  Plaintiff's motion to compel responses to

8    his requests for admission and production will therefore be denied.

9         Plaintiff's second motion seeks compelled responses to his interrogatories and requests for

10   admissions, on the ground that defendants' objections were improper.  ECF No. 130.  However,

11   plaintiff has not provided a copy of the requests and objections and, with the exception of

12   Interrogatory No. 12 to defendant Phui, plaintiff does not specifically identify any responses that

13   he believes are deficient.  Furthermore, although plaintiff states that the response to Interrogatory

14   No. 12 is deficient, he does not provide the request or the response.  Id. at 2.

15
16        The Court does not hold prisoners proceeding pro se to the same
          standards that it holds attorneys.  However, at a minimum, as the
          moving party plaintiff bears the burden of informing the court of
17        which discovery requests are the subject of his motion to compel and,
          for each disputed response, why defendant's objection is not
18        justified.

19   Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S.

20   Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008).  Because plaintiff has not specifically

21   identified the responses at issue or provided the requests and responses, the court is unable to

22   evaluate the sufficiency of defendants' responses or the appropriateness of their objections.  The

23   motion accordingly will be denied.

24        IV.    Motion for Appointment of Counsel

25        Plaintiff has requested the appointment of counsel.  ECF No. 120.  The United States

26   Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

27   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

28   certain exceptional circumstances, the district court may request the voluntary assistance of

6

1    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

2    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3         "When determining whether 'exceptional circumstances' exist, a court must consider 'the

4    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

5    pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

6    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

7    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

8    most prisoners, such as lack of legal education and limited law library access, do not establish

9    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

10        Plaintiff requests counsel on the ground that he was assaulted by officers at KVSP and had

11   some of his property taken in retaliation for pursuing this lawsuit.  ECF No. 120.  Although

12   plaintiff's allegations are serious, he has not provided any evidence to substantiate his claims that

13   he is being retaliated against.  Moreover, plaintiff has not demonstrated that he is unable to pursue

14   this action without the assistance of counsel, and his numerous filings up to this point have

15   demonstrated that even if he is not always successful, he is capable of articulating his claims and

16   arguments without assistance.  For these reasons, plaintiff has not shown the existence of

17   extraordinary circumstances warranting the appointment of counsel and the motion will be

18   denied.

19        V.    Motion to be Interviewed

20        Plaintiff has filed a motion requesting that the court order an investigator from the

21   Inspector General's Office to interview him in relation to an alleged assault by correctional

22   officers on July 13, 2021.  ECF No. 123.  This request is outside the authority of the court and

23   will therefore be denied.  If plaintiff seeks to pursue claims related to the alleged assault, he may

24   do so by initiating a separate lawsuit based on those claims after exhausting any available

25   administrative remedies.

26        VI.   Motion for Summary Judgment

27        Plaintiff has filed a one-hundred-and-twenty-page motion for summary judgment, not

28   including exhibits or his separate statement of facts.  ECF No. 126.  A review of the motion

7

1    reveals that a significant portion of the motion is comprised of a lengthy and rambling recitation

2    of plaintiff's medical encounters and appeals that includes numerous allegations of deficient care

3    by other individuals, including previously dismissed defendants.  Id. at 23-100.  Plaintiff also

4    appears to be attempting to reinstate some of his claims against previously dismissed defendants,

5    id. at 105-08; and makes a number of allegations unrelated to the claims in the complaint, see,

6    e.g., id. at 13-20, 78-79, 98, 110-11, 117, 119-20.  The motion further includes a request for leave

7    to amend the complaint, id. at 20; indicates that plaintiff is still awaiting supporting

8    documentation that he requested during discovery and seeks to compel, id. at 68, 74, 112, 114-18;

9    and requests a "Third Party Examination and Expert Testimony" under Federal Rule of Civil

10   Procedure 35, id. at 113, 116-17.  Additionally, although it appears that plaintiff has attempted to

11   comply with applicable the rules, his separate statement of facts does not comply with Federal

12   Rule of Civil Procedure 56(c) or Local Rule 260(a).  The statement of facts contains arguments

13   and legal citations, does not contain separately numbered facts, and does not contain citations to

14   *specific* portions of the record for each fact set forth.[2]

15        The undersigned's standing orders limit motions on non-discovery matters to twenty

16   pages.  Although pro se prisoners who submit handwritten documents may be afforded some

17   leeway, plaintiff's motion for summary judgment far exceeds the permissible page limit and the

18   excessive page count appears to be due in no small part to plaintiff's failure to limit his motion to

19   a request for summary judgment on the claims presently before the court.  Furthermore, plaintiff's

20   motion states his desire to amend the complaint and compel discovery, indicating that the motion

21   may be premature.  In light of the excessive length and scope of plaintiff's motion and his failure

22   to comply with Federal Rule of Civil Procedure 56(c) or Local Rule 260(a), the motion for

23   summary judgment will be stricken.  Because the motion is being stricken, defendants' motion for

24   an extension of time to respond to the motion for summary judgment, ECF No. 133, will be

25   denied as moot.

26   _____

27   [2]  Although there are some specific citations, some citations are to lengthy exhibits and do not
     identify specific, relevant page numbers, and other citations are to the motion for summary
28   judgment itself.

If plaintiff chooses to file another motion for summary judgment, the motion must be limited to facts and arguments necessary to demonstrate that plaintiff is entitled to summary judgment on his claims against defendants May and Phui. Requests for relief that are not related to summary judgment must be brought by separate motion. Any motion for summary judgment should be limited to twenty pages, and should plaintiff need to exceed the twenty-page limit, the motion should be accompanied by a motion requesting leave to exceed the page limit. Finally, plaintiff's separate statement of facts should contain separately numbered facts that cite to specific portions of the record and should not contain arguments or citations to legal authority.

VII.   Motion to Amend

A plaintiff may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Defendants' answer was filed on August 24, 2020. ECF No. 89. Although the case was stayed at the time, the stay of this case was lifted on June 7, 2021, ECF No. 111, and plaintiff did not file his motion to amend until September 8, 2021,[3] ECF No. 127. Plaintiff is therefore outside the time to file an amended complaint as a matter of course and must obtain leave of the court or defendants' consent. See Fed. R. Civ. P. 15(a)(2).

To the extent the motion to amend seeks to substitute defendant Diaz with Kathleen Allison, the current Secretary of the CDCR, the motion will be treated as a motion to substitute and will be granted. To the extent the motion seeks to amend the complaint to add additional claims and defendants, the motion is not accompanied by a copy of the proposed amended complaint as required by the Local Rules, see L.R. 137(c), and it will therefore be denied without prejudice to a motion that includes a copy of the proposed amended complaint. Plaintiff is further advised that any proposed amended complaint must contain all the claims he seeks to make as the

---

[3] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

9

1    court will not consider piecemeal allegations and filings.

2       The court notes that the motion to amend indicates that the claims plaintiff seeks to add

3    are based on allegations that correctional officers at KVSP assaulted plaintiff on July 13, 2021.

4    ECF No. 127.  Based on the limited information before the court, it does not appear that these

5    claims would be properly joined in this action.  Plaintiff is advised that he may join multiple

6    claims only if they are all against a single defendant, Fed. R. Civ. P. 18(a), and he may join

7    defendants only where the right to relief arises out of the same "transaction, occurrence, or series

8    of transactions," and "any question of law or fact common to all defendants will arise in the

9    action," Fed. R. Civ. P. 20(a)(2).  In other words, joining more than one claim is only proper

10    when it is against one defendant, and joining multiple defendants in one complaint is only proper

11    when the claims against them are based on the same facts.  Attempts to amend the complaint to

12    include improperly joined defendants or claims will result in denial of the motion.  Plaintiff is free

13    to attempt to pursue additional claims not properly joined in this case by initiating a new lawsuit

14    based on those claims after he has exhausted any available administrative remedies.

15                 CONCLUSION

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.  Plaintiff's motion for production of documents, ECF No. 118, is DENIED.

18       2.  Plaintiff's motions to compel, ECF Nos. 128, 130, are DENIED.

19       3.  Plaintiff's motion to appoint counsel, ECF No. 120, is DENIED.

20       4.  Plaintiff's motion to be interviewed, ECF No. 123, is DENIED.

21       5.  The Clerk of the Court is directed to strike plaintiff's motion for summary judgment,

22    ECF No. 126.

23       6.  Plaintiff's motion to substitute Kathleen Allison for defendant Diaz, ECF No. 127, is

24    GRANTED.  The Clerk of the Court is directed to update the docket to substitute current CDCR

25    Secretary Kathleen Allison, in her official capacity, for defendant Ralph Diaz.

26       7.  Plaintiff's motion to amend the complaint, ECF No. 127, is DENIED without

27    prejudice to a motion in the proper form.

28       8.  Defendants' motion for an extension of time, ECF No. 133, is DENIED as moot.

1        IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining

2 order, ECF No. 117, be DENIED.

3        These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8 objections shall be served and filed within fourteen days after service of the objections.  The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: November 29, 2021

12                           ALLISON CLAIRE

13                           UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11