UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS, | No. 2:16-cv-0542 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motions for summary judgment (ECF Nos. 149, 158) and to seal documents (ECF Nos. 156, 157, 165, 166) and plaintiff's motions for instruction on how to refer to his exhibits (ECF Nos. 145, 148), to extend discovery (ECF No. 146), for the court to conduct an in camera review of defendants' discovery responses (ECF No. 147), for an extension of time to respond to defendants' motions for summary judgment (ECF No. 167), to dismiss defendant Phui (ECF No. 168), to exceed the page limit for his cross-motion for summary judgment (ECF No. 170), and for the court to return documents (ECF No. 175).

I.   Plaintiff's Motions on How to Refer to Exhibits

By order filed November 29, 2021, plaintiff's motion for summary judgment was stricken from the record because it significantly exceeded the twenty-page limit and did not comply with the applicable federal and local rules. ECF No. 141 at 7-9. In striking the motion, the court noted

1

that while some of plaintiff's citations were to specific portions of the record, "some citations are to lengthy exhibits and do not identify specific, relevant page numbers." Id. at 8 n.2. In response to the order, plaintiff has filed motions requesting that the court instruct him on how to refer to his previously filed exhibits. ECF Nos. 145, 148. The motions will be construed as motions for clarification and will be granted as follows. Plaintiff is advised that the issue noted by the court was not that his citation format was improper, but that in *some* instances his did not identify the specific, relevant page numbers and instead cited either to an entire, lengthy exhibits or to large spans of pages. See, e.g., ECF No. 126 at 6 (citing 161 pages of appeals), 12 (citing entire 100 pages of pain management guidelines); ECF No. 126-3 at 3 (citing forty pages of health care requests), 5 (citing ninety-page narrative). Accordingly, plaintiff may continue to use the same citation format, but should specify the page numbers containing the information referenced.

II.     Plaintiff's Discovery Motions

By order filed June 7, 2021, the undersigned set a schedule for discovery in this case providing that requests for written discovery were to be served no later than August 2, 2021. Discovery, including the time for filing motions to compel, closed on October 1, 2021. ECF No. 111 at 5-6.

During the discovery period, plaintiff filed two motions to compel. ECF Nos. 128, 130. The first motion related to plaintiff's requests for production and admission and was denied because it was based upon plaintiff's mistaken belief that defendants' responses were untimely. ECF No. 141 at 5-6. The second motion related to plaintiff's interrogatories and requests for admission and was denied on the ground that plaintiff did not specifically identify the responses at issue or provide the requests and responses, leaving the court unable to evaluate the sufficiency of the responses or the appropriateness of the objections. Id. at 6. Prior to filing the motions to compel, plaintiff filed a motion for summary judgment (ECF No. 126) that was stricken from the record (ECF No. 141 at 7-9).

Plaintiff has now moved for an extension of time to complete discovery on the grounds that he was waiting for the court to rule on defendants' motion for an extension of time to respond to his motion for summary judgment and that he did not expect his motion for summary judgment

to be stricken. ECF No. 146. He asserts the extension is needed to address any discovery issues and to allow the court time to conduct an in camera review. Id. at 2. The motion for extension is accompanied by a separate motion requesting that the court conduct an in camera review of defendants' responses to various discovery requests. ECF No. 147.

As noted above, discovery in this case closed on October 1, 2021. Accordingly, plaintiff's motion to extend the time for completing discovery, which was filed over two months after discovery closed, is in fact a request to re-open discovery. In considering whether to grant a motion to amend the scheduling order and re-open discovery, the court is to consider:

> "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)). It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

While trial has not yet been set in this case and defendants have not filed an opposition to the request, this case has been pending since March 2016 and the other factors for consideration weigh heavily against the re-opening of discovery.

In support of his request, plaintiff states that he "made no effort to compel [defendants' counsel] to cooperate in discovery" because he had filed a motion for summary judgment and had not expected it to be stricken. ECF No. 146 at 1-2. However, while plaintiff may not have expected his motion for summary judgment to be stricken, there was always the possibility that the motion would be denied, leaving him in essentially the same position. Furthermore, after plaintiff filed his motion for summary judgment, he then filed motions to compel, indicating that

3

he did in fact realize the need for further pursuing discovery prior to the October 1, 2021 deadline.  Finally, it is not clear that re-opening discovery would lead to further admissible evidence.  Plaintiff requests that he be granted additional time "to work out any discovery issues" and to allow the court time to conduct an in camera review of defendants' discovery responses.  Id. at 2.  Plaintiff has not identified what discovery he intends to pursue, and plaintiff's request that the court conduct an in camera review of defendants' responses to determine whether they are sufficient is not appropriate.  As plaintiff was previously advised, he bears the burden of identifying the responses that he believes are deficient and explaining why he believes they are deficient.  ECF No. 141 at 6.

In light of the factors weighing against re-opening discovery, the motion to re-open discovery will be denied.  Plaintiff's motion for in camera review will also be denied.

III.    Motions for Summary Judgment

Although defendants are all represented by the same counsel, they have inexplicably filed two separate motions for summary judgment: one seeking summary judgment for defendants Mays and Allison and one seeking summary judgment for defendant Phui and Allison.[1]  ECF Nos. 149-152, 158-161.  Plaintiff has requested an extension of time to respond to the motions and a motion "dropping his complaint against defendant Khoung Phui only."  ECF Nos. 167, 168.  He has also filed a motion to exceed the page limit for a cross-motion for summary judgment (ECF No. 170) and a combined opposition to defendant Mays and Allison's motion for summary judgment and cross-motion for summary judgment (ECF No. 171).

Plaintiff's motion to voluntarily dismiss defendant Phui will be granted and the claims against defendant Phui will be dismissed without prejudice.  As a result, defendant Phui and Allison's motion for summary judgment will be denied as moot as to defendant Phui.  The portion of the motion related to defendant Allison will be denied as duplicative.[2]

---

[1] In fact, the motions seek summary judgment for former defendant Diaz, who was sued in his official capacity.  However, Diaz was previously substituted with defendant Allison, the current Secretary of the CDCR.  ECF No. 141 at 10.

[2] Defendant Allison has filed two motions for summary judgment—one with defendant Mays and one with defendant Phui—without first obtaining leave to file a second motion or (continued)

4

Plaintiff's motion for an extension of time to file a response to defendants Mays and Allison's motion for summary judgment will be granted and the opposition will be deemed timely filed. To the extent plaintiff has indicated that his opposition is also a cross-motion for summary judgment, it was filed more than a month after the expiration of the dispositive motions deadline and plaintiff did not seek to extend the deadline or request leave to file his motion untimely. The cross-motion for summary judgment will therefore be construed as an opposition to defendants' summary-judgment motion.[3]

IV.   Defendants' Motions to Seal

Defendants' motions for summary judgment include requests to seal exhibits containing plaintiff's medical records and health care appeals. ECF Nos. 156, 157, 165, 166. It appears that both the motions and the exhibits they seek to seal are identical.

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). The party seeking to seal a record bears the burden of overcoming that presumption. Id. at 1178.

"Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. at 1180 (citing Foltz, 331 F.3d at 1135-36). Under the 'compelling reasons'

---

demonstrating that second motion is necessary. The portions of each motion as they relate to defendant Allison are identical.

[3] Defendants have filed an opposition to plaintiff's cross-motion for summary judgment. However, plaintiff's combined opposition and motion was served on February 1, 2022 (ECF No. 174), and defendants did not file their opposition until March 3, 2022 (ECF No. 176). The opposition is therefore untimely as either a reply in support of defendants' motion for summary judgment or as an opposition to plaintiff's cross-motion, see L.R. 230(l), and is not accompanied by a motion for leave to untimely file. Defendants' opposition will therefore be disregarded.

standard, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" Foltz, 331 F.3d at 1135 (quoting Hagestad, 49 F.3d at 1434). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179 (citing Foltz, 331 F.3d at 1136).

As an initial matter, defendants argue that they need only show good cause because their motion is not dispositive. ECF No. 157 at 3; ECF No. 166 at 3. However, as the exhibits are in support of motions for summary judgment, the compelling reasons standard clearly applies. Additionally, defendants have already filed the documents they seek to seal, see ECF Nos. 155, 162, in violation of Local Rule 141, which states that the documents for which sealing is requested are not to be filed until the request to seal has been granted, see L.R. 141(b) (documents to be sealed are not to be filed at same time as request), (e)(2) (outlining procedure for filing documents if request is granted).

Defendants seek to seal exhibits C through F to the declarations of Deputy Attorney General Norman D. Morrison IV, which have been submitted in support of defendants pending motions for summary judgment.[4] ECF Nos. 157, 166. For both declarations, exhibits C through E contain plaintiff's medical records and exhibit F consists of plaintiff's prison grievances and responses. See ECF Nos. 155, 162. However, defendants have not demonstrated that compelling reasons exist to seal these documents.

While there are circumstances under which sealing medical records is appropriate, defendants have not established that such a situation is present here. Medical records are regularly filed on the public docket, and plaintiff himself has filed a sizeable number of medical records and inmate grievances in this case, a not insignificant number of which appear to be

---

[4] Both motions also indicate that defendants seek to seal exhibit A. ECF No. 157 at 1; ECF No. 166 at 1. However exhibit A to both declarations is the operative complaint in this action. See ECF No. 155-1 at 3-33; ECF No. 162-1 at 3-33.

6

duplicative of the documents defendants seek to seal.[5] See ECF Nos. 32, 102, 126-1. To the extent plaintiff himself has already publicly filed the documents, any right to privacy in those records, which is the basis for defendants' motions, has been waived. Because defendants have not distinguished between records for which plaintiff's right to privacy has been waived by his own public filing and those for which the right has not clearly been waived, it is not clear which portions of the documents, if any, should be sealed. Defendants have therefore failed to demonstrate a compelling reason to seal these documents and the motions to seal will be denied. Because the documents were filed in violation of the Local Rules, however, and because they potentially infringe on plaintiff's right to privacy, the documents will be stricken and the Clerk of the Court will be directed to remove them from the docket.

Defendants will be granted an opportunity to publicly re-file any documents for which plaintiff has waived his right to privacy through his own filing. They will also be given an opportunity to file another motion to seal, if necessary, for any documents for which plaintiff has not clearly waived his right to privacy.[6] Alternatively, defendants may request a stipulation from plaintiff that the documents be publicly filed. Any documents not re-filed or subject to a renewed motion to seal will not be considered in adjudicating defendants Mays and Allison's motion for summary judgment.

V.      Plaintiff's Motion to Return Documents

Plaintiff has filed a motion requesting that the court return his "'only' copies" of his cross-motion for summary judgment. ECF No. 175. The motion is now available online through the court's electronic docketing system. ECF No. 171. The court does not typically return original documents once they have been entered into the electronic docket. However, the court has

---

[5] This is particularly true with regard to the grievances defendants seek to seal.
[6] The court notes that defendants submitted over 4,000 pages of medical records and appeals, though they cite only a relatively small number in support of their motions for summary judgment. It appears that defendants may have submitted plaintiff's complete medical records rather than just those records upon which they rely and that a further motion to seal may be unnecessary in the event defendants limit their submission of records to those needed to support their motion.

7

previously done so for plaintiff and did not advise him at that time that future requests to return original documents would not be granted.  ECF No. 31.  The Clerk of the Court will therefore be directed to return the original motion to plaintiff.  Plaintiff is now advised that he should avoid sending his only copy or original copies of documents in the future, as any further requests to return documents will not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions on how to refer to his exhibits (ECF Nos. 145, 148) are construed as motions for clarification and are GRANTED to the extent clarification has been provided above.

2. Plaintiff's motion to reopen discovery (ECF No. 146) is DENIED.

3. Plaintiff's motion for in camera review (ECF No. 147) is DENIED.

4. Plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 167) is GRANTED and the opposition to defendants Mays and Allison's motion for summary judgment is deemed timely.

5. Plaintiff's motion to voluntarily dismiss defendant Phui (ECF No. 168) is GRANTED and the claims against defendant Phui are dismissed without prejudice.

6. Defendants Phui and Allison's motion for summary judgment (ECF Nos. 158, 160) is DENIED as moot as to defendant Phui and as duplicative as to defendant Allison.

7. Defendants' motions to seal (ECF Nos. 156, 157, 165, 166) are DENIED without prejudice.

8. The proposed documents for sealing (ECF No. 155-1 at 65-687; ECF Nos. 155-2 through 155-7; ECF No. 162-1 at 65-687; ECF Nos. 162-2 through 162-7) are STRICKEN from the record.  The Clerk of the Court is directed to remove the documents from the electronic docket and indicate their removal on the docket.

9. Within fourteen days of the filing of this order, defendants may publicly re-file any documents for which plaintiff has waived his right to privacy through his own filing.

10. Within fourteen days of the filing of this order, defendants may file, as necessary, a renewed motion to seal that complies with the requirements of Local Rule 141 and this order.

Defendants may alternatively file a stipulation that the documents can be publicly filed.

11. Plaintiff's cross-motion for summary judgment (ECF No. 171) is construed as an opposition to defendants Mays and Allison's motion for summary judgment and the Clerk of the Court is directed to update the docket accordingly.

12. Plaintiff's motion to exceed the page limit for his cross-motion for summary judgment (ECF No. 170) is construed as a motion to exceed the page-limit for oppositions and is GRANTED.

13. Defendants' opposition to plaintiff's cross-motion for summary judgment (ECF No. 176) is DISREGARDED.

14. Plaintiff's motion for the return of documents (ECF No. 175) is GRANTED. The Clerk of the Court is directed to return to plaintiff the original copy of his cross-motion for summary judgment filed February 4, 2022 (ECF No. 171), and indicate the return on the docket.

15. Defendants Mays and Allison's motion for summary judgment (ECF No. 149) remains submitted and shall be addressed in due course once defendants have resubmitted their exhibits or the time for doing so has expired.

DATED: March 8, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE