UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DENNIS, | No. 2:16-cv-0542 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's various motions and objections regarding the amended declaration filed in support of defendants' motion for summary judgment (ECF Nos. 190-97), his motion to vacate the March 8, 2022 order to correct clerical mistakes, a motion for an extension of time (ECF No. 199), and a motion for clarification (ECF No. 200).

I.     Procedural Background

By order filed March 8, 2022, the undersigned denied defendants' motions to seal plaintiff's medical records, granted plaintiff's motion for an extension of time to file an opposition to defendants Mays and Allison's motion for summary judgment, and construed plaintiff's cross-motion for summary judgment and opposition to the motion for summary judgment as an opposition only. ECF No. 177.  In denying defendants' motions to seal, the court gave defendants the opportunity to resubmit the documents by "publicly re-fil[ing] any

documents for which plaintiff has waived his right to privacy through his own filing" and, if necessary, filing either (1) a renewed motion to seal that complied with Local Rule 141 and the March 8, 2022 order, and addressed only documents not previously filed in the public record; or (2) a stipulation from plaintiff that such documents could be publicly filed. Id. at 8-9.

## II.  Defense Counsel's Amended Declaration

In response to the court's order, defendants' counsel filed an amended declaration in which he stated that he had asked plaintiff to stipulate to a request to file the records under seal, but that plaintiff had refused and the records were being filed publicly because plaintiff was deemed to have waived his right to privacy in the records by pursuing this lawsuit. ECF No. 186 at 2, ¶¶ 3-4. The declaration further stated that the attached records "relate to the treatment and care provide by Nurse Mays in 2015, as well as relevant prior medical records" and that the medical records from the Substance Abuse Treatment Facility were not being resubmitted because they related to the claims against defendant Phui, who has been dismissed. Id., ¶¶ 6-7. Counsel also added a paragraph addressing specific pages of the record and plaintiff's alleged statements to his medical providers. Id. at 3, ¶ 9.

Shortly before the amended declaration was filed, the Clerk of the Court docketed plaintiff's notice that he was waiving his right to privacy in order to block any motion to seal by defendants Mays and Allison; this appears to have been prompted by counsel's request that plaintiff stipulate to a request to seal his medical records. ECF No. 185.[1] However, plaintiff has since filed multiple motions and objections to the amended declaration, asserting that counsel's declaration misrepresents the documents attached and includes medical records irrelevant to the issues before the court. Plaintiff specifically objects to Paragraph 9 of the declaration and the records it references and requests that the court sanction defense counsel, strike the declaration, and seal any records from after August 2018. ECF Nos. 190-97.

With respect to the resubmitted medical records, the March 8, 2022 order clearly specified defendants' options for refiling. It is therefore baffling why, instead of requesting a stipulation to

---

[1] The court's records indicate that the notice was docketed about two and a half hours before the amended declaration was filed.

2

file the records *publicly*, which it appears plaintiff would have agreed to with reasonable limitations, counsel instead attempted to obtain a stipulated request to file the records *under seal*. The original motion to seal was denied because a significant portion of the records defendants were seeking to seal had already been publicly filed, making filing under seal inappropriate. See ECF No. 177 at 6-7. Plaintiff's stipulation to filing under seal would not have changed that fact or made sealing appropriate. It appears that counsel's inexplicable decision to seek a stipulated request to seal, and subsequent public filing of plaintiff's medical records, led to plaintiff's recent flurry of filings.

Despite defendants' failure to follow the court's instructions for re-submitting plaintiff's medical records, the amended declaration and exhibits will be permitted in light of plaintiff's representation that he would like "[a]ll records from the year 2004 through August 30th, 2018" to remain publicly filed. However, the court will disregard Paragraph 9 of the declaration, which was not included in counsel's original declaration and appears to be a backdoor attempt to bring additional facts to the court's attention outside the briefing on the motion for summary judgment. If defendants wanted the contents of Paragraph 9 and the documents it references considered by the court in deciding the motion for summary judgment, they should have been specifically cited in the moving papers so that plaintiff had a proper opportunity to respond.[2] Furthermore, the undersigned will grant plaintiff's request that any records after August 30, 2018, be sealed. Based on plaintiff's description of the records he would like sealed and the court's brief review, the records to be sealed appear to be located at pages 10-26 of ECF No. 186-2 (Bates stamp CCHCS-U000140-56).[3] If plaintiff believes that there are additional records that should be sealed, he may notify the court and should identify the documents by either their ECF number and page number or Bates stamp number.[4]

////

---

[2] It does not appear that the records referenced in Paragraph 9 were cited in either defendants' statement of facts or the motion for summary judgment. See ECF Nos. 151, 152.

[3] These records include the records referenced in Paragraph 9 of the amended declaration.

[4] Plaintiff is advised that sealing the documents does not mean that they have been removed from the record. Sealing the documents merely removes them from public view.

Although the court finds counsel's conduct in resubmitting plaintiff's medical records questionable, sanctions do not appear warranted at this time and plaintiff's request for sanctions will be denied. However, counsel is cautioned that further failure to follow this court's orders may result in sanctions.[5]

### III.     Motions to Vacate, for Extension of Time, and For Clarification

Plaintiff has filed a motion to vacate the March 8, 2022 order due to a clerical error, oversight, or omission. ECF No. 198. This motion, along with a separately filed motion for clarification, also seeks clarification regarding plaintiff's cross-motion for summary judgment and whether plaintiff is expected to file a separate motion for summary judgment. Id.; ECF No. 200. In the event he needs to file another motion for summary judgment, plaintiff requests thirty days to do so. ECF No. 199.

Plaintiff's motion to vacate the March 8, 2022 order argues that the court misunderstood the circumstances as a result of the delay in ruling on various motions. It is construed as a request for reconsideration. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). The motion does not present any new or different facts or circumstances and will therefore be denied, except to the extent that clarification will be provided as requested.

Plaintiff's motion for summary judgment was not stricken simply because it exceeded the page limit and was not accompanied by a motion for leave to exceed the page limit. The motion was *excessively* long, addressed a number of issues beyond summary judgment, and did not comply with Federal Rule Civil Procedure 56(c) or Local Rule 260(a). See ECF No. 141 at 7-9 (addressing grounds for striking plaintiff's motion). With respect to plaintiff's cross-motion for

---

[5] The court notes that in support of his motion in limine plaintiff has provided a copy of a letter he received from defense counsel in which counsel states that he is representing plaintiff and requests that plaintiff sign a medical records release. ECF No. 190 at 24. Though it appears that this was merely a typographical error not warranting sanctions, and that plaintiff clearly recognized that defense counsel was not representing him, the error is troubling as other, less sophisticated prisoner-plaintiffs may not have had the same level of awareness as plaintiff.

summary judgment and opposition to defendants' motion for summary judgment, it is being considered as an opposition to defendants' motion only.  The arguments plaintiff made in support of his cross-motion for summary judgment will be considered as part of the opposition to defendants' motion, but they will not be considered as a separate motion for summary judgment.  Furthermore, the court did not grant plaintiff an extension of time to file a motion for summary judgment, as the motion he filed sought only an extension of time to file a response to defendants' motion for summary judgment.  ECF No. 167 (motion for extension); ECF No. 177 at 5, 8 (order granting extension).  Plaintiff has not been granted leave to file an untimely motion for summary judgment and should not file one absent leave of the court.  To the extent the motion for an extension of time is intended as a motion for leave to file an untimely motion for summary judgment, plaintiff has not established excusable neglect and the motion will be denied.  See Fed. R. Civ. P. 6(b)(1)(B) (deadline may be excused on motion filed after expiration of deadline up on showing of excusable neglect).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions in limine and to strike (ECF No. 190, 191, 194) are GRANTED to the extent the court will disregard Paragraph 9 of defense counsel's amended declaration.  The motions are OTHERWISE DENIED.

2. Plaintiff's motions to seal (ECF Nos. 191, 196) are GRANTED.  The Clerk of the Court is directed to seal pages 10-26 of ECF No. 186-2.

3. Plaintiff's motions for sanctions (ECF No. 191, 193) are DENIED.

4. Plaintiff's motion to vacate (ECF No. 198) is DENIED.

5. Plaintiff's requests for clarification (ECF Nos. 198, 200) are GRANTED to the extent that clarification has been provided above.

6. Plaintiff's motion for an extension of time (ECF No. 199) is DENIED.

DATED: April 14, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE