UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW M. DENNIS,

Plaintiff,

v.

SCOTT KERNAN, et al.,

Defendants.

No. 2:16-cv-00542-DAD-AC (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

(Doc. Nos. 149, 211, 244)

Plaintiff Mathew M. Dennis is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 7, 2023, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 149) be denied, plaintiff's motion for summary judgment (Doc. No. 211) be denied, and defendant Secretary Kathleen Allison be dismissed from this case. (Doc. No. 244.) Specifically, the magistrate judge concluded that there were disputed issues of material fact both with respect to plaintiff's hernia and wrist conditions as presented to defendant Mays, his treating nurse practitioner, as well as with respect to defendant Mays's conduct, which precluded the granting of summary judgment in favor of either party. (Doc. No. 244 at 17–21.) The magistrate judge noted that defendant Secretary Allison had been named in this action solely in her official capacity as to plaintiff's

claim for injunctive relief. (*Id.* at 16.) Because plaintiff had now been released from prison, his claim for injunctive relief had been rendered moot, and dismissal of defendant Secretary Allison as a defendant in this action was therefore recommended. (*Id.*)

The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 23.) Plaintiff filed timely objections to the findings and recommendations. (Doc. No. 245.) Defendants filed neither objections nor a reply to plaintiff's objections, and the time to do so has passed.

In his objections, plaintiff merely objects in a general fashion to the denial of his motion for entry of summary judgment in his favor. (Doc. No. 245 at 2-5.)[1] In this regard, plaintiff repeats his criticism (which was properly addressed in the pending findings and recommendations) regarding the manner in which defendants submitted their exhibits on summary judgment, claims he was retaliated against during the course of this action, asserts he received limited law library access, complains of defendants' responses to his discovery requests, argues that the granting of his motion for summary judgment would provide him "the opportunity to . . . find an attorney willing to take on [his] case," and repeats his contention that his prison medical records establish that he was denied constitutionally adequate medical care. (*Id.* at 2–5.) Finally, petitioner states that he has no objection to the recommendation that defendant Secretary Allison be dismissed from this action. (*Id.* at 5.)

None of plaintiff's objections, however, meaningfully call into question the thorough analysis set forth in the pending findings and recommendation or provide any basis for their rejection. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

/////

---

[1] Plaintiff also "resubmitted" his motion for summary judgment which he had filed on June 27, 2022, and attached it to his objections. (Doc. No. 245 at 5–41; Doc. No. 211 at 1–35.)

Accordingly,

1. The findings and recommendations issued on April 7, 2023 (Doc. No. 244) are adopted in full;

2. Defendants' motion for summary judgment (Doc. No. 149) is denied;

3. Plaintiff's motion for summary judgment (Doc. No. 211) is denied;

4. Defendant Secretary Allison is dismissed from this action because the only claim brought against her in her official capacity—one for injunctive relief—has been rendered moot; and

5. The case is referred back to the assigned magistrate judge for purposes of issuing a Final Pretrial Order in this case.

IT IS SO ORDERED.

Dated: **July 28, 2023**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE